IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| US BANK, N.A., ) | |
| As Trustee for SASCO Mortgage Loan ) | |
| Trust 2007-RF1, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | Case No.  11-cv-0965-MJR-PMF |
| DEANA THURMAN, ) | |
| SECRETARY OF HOUSING AND ) | |
| URBAN DEVELOPMENT; ) | |
| UNITED STATES OF AMERICA; ) | |
| UNKNOWN OWNERS AND NON- ) | |
| RECORD CLAIMANTS, ) | |
| ) | |
| Defendants. ) | |

**ORDER**

**REAGAN, District Judge:**

On October 19, 2011, Plaintiff US Bank, N.A., as Trustee for SASCO Mortgage Loan Trust 2007-RF1, initiated this mortgage foreclosure action in the Circuit Court for the Third Judicial Circuit, Madison, County, Illinois, relative to the outstanding mortgage indebtedness of Defendant Mortgagor Deana Thurman purportedly owed on the property commonly known as 600 Brookwood Drive, East Alton, Illinois.  On October 28, 2011, Defendants Secretary of Housing and Urban Development and the United States of America, holding a lien interest in the property, removed the action to this federal district court, invoking jurisdiction under 28 U.S.C. §§ 1441 and 1442.  An action affecting property on which the United States has a lien may be removed by the United States. 28 U.S.C. §§ 1444 and 2410; *see also City of Joliet, Ill. v. New West, L.P.,* 562 F.3d 830, 833 (7th Cir.2009) ("[T]he presence of

1

the national government as a party with a security interest in the real estate supplies jurisdiction.").

On November 2, 2012, Plaintiff US Bank, N.A., moved to dismiss the United States of America and the Secretary of Housing and Urban Development without prejudice, and for remand of the action to state court (Doc. 17).  Plaintiff explains that the United States liens have been satisfied.  The United States of America and the Secretary of Housing and Urban Development have confirmed that the government's liens have been satisfied and they consent to dismissal and remand of the case to state court (Doc. 19).

With respect to the issue of remand, federal subject-matter jurisdiction currently rests on 28 U.S.C. § 1442, due to the United States of America and the Secretary of Housing and Urban Development being defendants.   If the United States of America and the Secretary of Housing and Urban Development are dismissed, there is no other apparent basis for federal jurisdiction.  The other parties have not responded to the motion to dismiss and for remand because they have never appeared in this case.

As a general principle, "jurisdiction once properly invoked is not lost by developments after a suit is filed . . . ." *Cunningham Charter Corp. v. Learjet, Inc.,* 592 F.3d 805, 807 (7th Cir.2010).  However, when all of the federal claims that authorized removal drop out of the case before trial, in accord with 28 U.S.C. § 1367(c)(3), it is within the Court's discretion whether to remand the existing state-law claims to state court. Keeping in mind that a "plaintiff may dismiss an action without a court order by filing . . . a stipulation of dismissal signed by all parties who have appeared (Fed.R.Civ.P. 41(a)(1)(A)(ii)), dismissal is appropriate. The government parties' response, together with Plaintiff's motion, amount to a stipulation of dismissal signed by all parties who have appeared.  Furthermore, the Court perceives that if

Plaintiff prevails and a foreclosure sale is required, the time and expense involved, which diminish any equity Defendant Thurman has in the property, will be less in a state court proceeding.

**IT IS HEREBY ORDERED** that, for the reasons stated, Plaintiff US Bank's motion to dismiss Defendants United States of America and the Secretary of Housing and Urban Development, and for remand of this action to state court (Doc. 17) is **GRANTED**. The United States of America and the Secretary of Housing and Urban Development are **DISMISSED** from this action, with prejudice, as it is undisputed that the government's liens have been completely extinguished. This case is **REMANDED** to the Circuit Court for the Third Judicial Circuit, Madison, County, Illinois. All settings in this federal court are **CANCELLED**.

**IT IS SO ORDERED.**

DATED:  November 14, 2012

        s/ *Michael J. Reagan*
        **MICHAEL J. REAGAN**
        **UNITED STATES DISTRICT JUDGE**